## WILLIAM GRAHAM, RESPONDENT, *v.* THE PHŒNIX INSURANCE COMPANY, APPELLANT.

*Insurance — right of a mortgagee to effect it in the name of the owner and himself.*

Plaintiff, holding a mortgage upon premises owned by an infant of the age of about three years, procured defendant to issue a policy upon the premises insuring the infant, as owner, and the plaintiff as mortgagee ; loss, if any, payable to plaintiff. Plaintiff having furnished proofs of loss brought this action upon the policy.

*Held,* that the plaintiff was primarily insured.

That if he had the power to take the contract for himself and the owner, the case was one of joint insurance, and the act of plaintiff in furnishing the proof of loss was the act of both.

That if he had no power to take out the policy in the name of the infant, then, though his act was, as to the infant, of no legal effect, yet it was in the absence of fraud or misrepresentation good and valid as to himself.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover $2,500 on a policy of insurance issued by the defendant, by which it insured for one year from date " Margaret E. Jack, as owner, and William Graham, mortgagee, against loss or damage by fire to the amount of $2,500 on the three story frame dwelling-house, occupied in part as saloon, situate on the southwest corner or junction of Coney Island Road and Ocean Parkway, on Grand Circle, Flatbush, L. I. Loss, if any, payable to William Graham, mortgagee." Proofs of loss, made by Graham, as mortgagee, were served on defendant March 25, 1876. Defendant returned them objecting, among other things, that the proofs were in the name of the mortgagee, the policy being in the name of Margaret E. Jack, as owner, and

of Graham as mortgagee; also pointing out the necessity of a legal guardian for the owner, if an infant.

After the fire, and on 23d of March, 1876, letters of guardianship were issued by the surrogate of Kings county, of the person and property of Margaret E. Jack to Ellen E. Jack, late Ellen E. Gleavey; Margaret E. Jack, the owner of the property, was an infant. Plaintiff, both before and after serving his own proofs of loss, on March twenty-fifth made efforts to find Mrs. Gleavey (or Jack), and induce her to make proofs of the loss under the policy. She refused unless paid money; claiming $2,000 or $3,000. Thereupon plaintiff obtained an order of reference to John M. Mackay. On May twenty-fourth, the report of the referee was confirmed by Barrett, J., by order of that date, and John Lindley was appointed to prepare and present to the insurance companies for, and on behalf, of the infant, the proper proofs of loss, and such proofs were prepared and served by him.

Subsequently defendant refused to pay. Plaintiff brought an action against the Phœnix Insurance Company, Margaret E. Jack (the infant owner), and Ellen E. Gleavey (her mother and guardian) as defendants. In this action he was defeated, the opinion of the General Term being reported in 12 Hun, 446. Thereafter this action was commenced.

*N. B. Hoxie*, for the appellant.

*Lucien Birdseye* and *James C. Cloyd.* for the respondent.

Barnard, P. J.:

In February, 1876, Margaret E. Jack, an infant of about the age of three years, was the owner of certain premises in Flatbush, in Kings county. The plaintiff held a mortgage thereon given by a previous owner of the property. On the 25th of February, 1876, the plaintiff procured of the defendant a policy of insurance upon the buildings upon the land in question. The policy insured Margaret E. Jack, as owner, and William Graham, mortgagee, and the "loss if any was payable to William Graham, mortgagee." The premises burned down during the life of the policy, and the preliminary loss papers were made out by William Graham and

served upon the company. After very considerable delay the company required preliminary loss papers on the part of the infant. The mother of the infant in March, 1876, was appointed the general guardian of the infant, and she refused to join without the payment of a sum equal to or even greater than the policy in question. The plaintiff made subsequent efforts to have a guardian appointed, who should join in the loss papers, and did obtain from the Supreme Court the appointment of a person or persons who should act for the infant. It is not necessary to detail those efforts; if I am right in the conclusion at which I have arrived in reference to the plaintiff's papers, I think the plaintiff was primarily insured. He took the contract to himself as mortgagee and to the infant owner. The parties each had an insurable interest in the same property. If he had the power to take the contract for himself and for the owner, the case is one of joint insurance, and the act of plaintiff was the act of both, enforcing the policy. If the plaintiff had no power to take out a policy in the name of the infant, and his act was thereby of no legal effect as to the infant, then it is good as to himself in the absence of fraud or misrepresentation. In such a case he would be the only person insured, and the preliminary loss papers were good for that reason. The question raised by defendant as to the subsequent proceedings, by which the plaintiff sought to have the infant made a joint actor in reference to the loss papers, looses all relevancy and needs no consideration. The question of the payment of the premiums being waived and credit being given to the mortgagee was made one of fact before the jury, and the finding of the jury thereupon must stand. The policy was delivered and the premiums charged to plaintiff. One of the conditions of the policy required the applicant for insurance to make known all facts material to the risk, and a breach of the condition avoided the policy. There was no fraud or misrepresentation claimed; another insurance company had canceled a policy on the property and the owner was three years old. Neither of these facts were spoken of. The jury found that they were not material to the risk, and that the policy was not avoided by reason of the omission. There was evidence produced upon each side. Experts were sworn by defendants that the age of the owner was a material fact to the

risk, but it was proven that the infancy of the owner did not occasion either a refusal of the risk or an increased premium upon it. The finding of the jury concludes the question. It is not a legal inference that the age of the owner, in the opinion of another company upon the risk, will destroy an insurance under this condition, if the facts are not stated.

The last point we are called upon to consider is the effect of the pending of a former action. Among the efforts made by plaintiff, to comply with the defendant's claim that Margaret E. Jack join in the preliminary loss papers, was an action commenced by plaintiff against the infant owner; the defendant and the guardian of the infant demanding relief that the guardian be compelled to make proofs of loss, and that defendant be compelled to pay the policy thereupon. The complaint was demurred to by defendant, for the reason that no facts sufficient to make a cause against defendant were alleged therein. The court decided in favor of defendant and the judgment was affirmed at General Term. We think this action is not barred by that; it is not between the same parties and is not for the same relief. One action asks for equitable relief and the other for money damages arising from a breach of contract. One asked relief against other persons than the defendant in connection with a claim against the defendant, and this action is against the defendant alone.

Upon the whole case we think the judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.